FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 24, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FREDERICK W. PORTER, and HOLLY A. PORTER, as guardian ad litems for F.R.P., a minor child,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BRIAN M. LEAR, M.D., and PATRICK D. VIGIL, M.D.,<br><br>　　　　　Defendants. | No.　1:21-cv-03064-SMJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Before the Court, without oral argument, is Defendants' Motion and Memorandum for Dismissal, ECF No. 2. Defendants Brian M. Lear, M.D. and Patrick D. Vigil, M.D. seek dismissal of Plaintiffs' complaint alleging medical negligence, arguing that Plaintiffs' claims are time barred for failure to comply with the Federal Tort Claim Act's applicable statute of limitations. Having reviewed the relevant record, the Court is fully informed and grants Defendants' motion.

## BACKGROUND

On December 27, 2016, Defendant Lear, acting under the supervision of Defendant Vigil, performed a routine circumcision procedure on F.R.P.—a minor

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 1

child who was an infant at the time of the procedure. ECF No. 1-1 ¶ 3. Both Defendants, at all relevant times, were licensed physicians acting within the scope of their employment at a federal qualified public health care clinic. ECF No. 2 at 1.

On August 21, 2019, Plaintiffs Frederick Porter and Holly Porter, on behalf of minor F.R.P., filed an administrative Federal Tort Claims Act ("FTCA") claim on Standard Form 95 (SF 95) with the Department of Health and Human Services, alleging that F.R.P. sustained medical injury from a "[b]otched circumcision" occurring on December 27, 2016. ECF 3-1.

Yet, despite filing a SF 95 with the appropriate federal agency, Plaintiffs also filed a lawsuit in Yakima County Superior Court on October 9, 2020. ECF No. 1-1. Plaintiffs' complaint alleged medical negligence by Defendants and sought money damages. *Id*.

Defendants' employer—Community Health of Central Washington—is a federally assisted public health clinic. ECF No. 2 at 3. As a result, Defendants removed Plaintiffs' medical negligence claim to this Court. ECF No. 1. Defendants then filed a motion to dismiss, alleging noncompliance with the FTCA's statute of limitations. ECF No. 2. Plaintiffs filed a response, indicating they would not substantively contest the motion. ECF No. 5. Indeed, Plaintiffs acknowledged "that without a response the Court is very likely to grant the Defendants' motion which would result is [sic] dismissal of the case." *Id*. a 2.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 2

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted," including when the plaintiff's claims either fail to allege a cognizable legal theory or fail to allege sufficient facts to support a cognizable legal theory. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Ordinarily, a court may not consider material outside the pleadings when ruling on a Rule 12(b)(6) motion. Fed. R. Civ. P. 12(b)(6). However, there are two exceptions: (1) courts may rely on documents outside the pleadings if their "authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them;" and (2) "a court may take judicial notice of matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

Plaintiffs' complaint did not reference their FTCA claim filed on August 21, 2019. Nonetheless, the Court finds Plaintiffs' SF 95 claim, filed with the Department of Health and Human Services, is a matter of public record and takes judicial notice of it. Accordingly, the Court considers Plaintiffs' FTCA claim—in particular, the date it was filed—in ruling on Defendants' motion to dismiss.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 3

# DISCUSSION

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). In enacting the FTCA, the United States has consented to certain suits by allowing individuals to sue the government "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b).

But this waiver of immunity is not unlimited. In such actions, a claimant must first present their claim to the appropriate federal agency. 28 U.S.C. § 2675. And such claims are "forever barred unless it is presented in writing to the appropriate Federal agency within **two years** after such claim accrues." 28 U.S.C. § 2401(b) (emphasis added). This limitation period is strictly construed. *United States v. Kubrick*, 444 U.S. 111, 117–18, (1979) ("[I]n construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended."). Failure to present a claim within two years is a jurisdictional defect. *Landreth By & Through Ore v. United States*, 850 F.2d 532, 533 (9th Cir. 1988).

In medical negligence cases under the FTCA, a claim accrues "when the plaintiff discovers, or in the exercise of reasonable diligence should have

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 4

discovered, the injury and its cause." *Id.* The fact that a claimant is a minor does not toll the limitations period. *Id.* at 534. Rather, any knowledge the minor's parents had is imputed to the minor because "parents have a legal duty to take action on the child's behalf." *Id.*

Plantiffs' complaint shows they were aware of the injury and its cause on the same date as the procedure—December 27, 2016, and Plaintiffs do not dispute this. *See* ECF No. 1-1 at 14–18; ECF No. 5. Plaintiffs make no argument supporting any basis for tolling. Thus, the statute of limitations began to run on December 27, 2016. Plaintiffs did not present their claim to the appropriate federal agency—here, the Department of Health and Human Services—until August 21, 2019, which is more than two years after Plaintiffs' claim accrued. ECF No. 3-1. Because Plaintiff's claim is time-barred, there is no cognizable claim for relief against the United States, its agencies, or its employees.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion and Memorandum for Dismissal, **ECF No. 2**, is **GRANTED**.

2. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

3. All parties shall bear their own costs and attorney fees.

4. All pending motions are **DENIED AS MOOT**.

5. All hearings and other deadlines are **STRICKEN**.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 5

6. The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

DATED this 24th day of September 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS – 6